The following opinion was filed October 13, 1944:
 

 Fowler, J.
 

 (on motion for rehearing).
 
 There is a motion for rehearing. It is stated in appellant’s brief on the motion
 
 *450
 
 that the decision of this court may be rested wholly on sec.
 
 111.06 (1)
 
 (a), Wis. Stats. That it might have been expressly so rested is correct. Sec. 111.06 (1) (a) reads in part as follows:
 

 “It shall be an unfair labor practice for an employer individually or in concert with others : (a) To interfere with, restrain or coerce his employees in the exercise of the rights guaranteed in section 111.04.”
 

 Sec. 111.04, Wis. Stats., provides that:
 

 “Employees shall have the right ... to form, join or assist labor organizations ... to engage in lawful, concerted activities for the purpose of . . . mutual aid or protection; and such employees shall also have the right to refrain from any or all of such activities.”
 

 To compel Schoemann and Bezie to join the plaintiff union, which required them to pay to the union an admission fee and dues, or to obtain a work permit, which required them to pay to the union one and one-half times the amount of the union dues, obviously violates the rights secured to them by sec. 111.04, Wis. Stats., to refrain from joining or assisting the plaintiff union in its lawful concerted activities for the purpose of mutual aid and protection, and in itself constituted an unfair labor practice.
 

 While we did not expressly state in the opinion that requiring the payments above referred to violated the rights of Schoemann and Bezie not to assist the union in its activities, we plainly indicated that it would have that effect. See opinion, ante, pp. 431, 432. And while we did not expressly state this would constitute a violation of sec. 111.06 (1) (a), Wis. Stats., we did say that it constituted an unfair labor practice, and did say that the requirement of payment of one and one-half times the dues for a permit “obviously assists the union,” and by implication constituted a denial of the employees’ right not to “assist” the union in its activities. We here point out that to express the “implication” we intended to state in the top line, at page 432 of the opinion as printed
 
 *451
 
 in the Wisconsin Advance Sheets, the word “not” should have been inserted in line 2 between the words “right” and “to assist,” so that the clause beginning with the words “by implication” in line 1 would read “by implication makes denial . . . of the right
 
 not
 
 to assist a labor union an unlawful labor practice.” However this may be as to sec. 157 of the Federal Act, requiring the payments referred to violates the rights of employees under sec. 111.06 (1) (a) of the state act and constituted an unfair labor practice under that section.
 

 By the Court.
 
 — The motion for rehearing is denied without costs.